

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

| | | | |
|---|---|---|---|
| William D. Moomau<br>Assistant United States Attorney<br>William.Moomau@usdoj.gov | Mailing Address:<br>6500 Cherrywood Lane, Suite 200<br>Greenbelt, MD 20770-1249 | Office Location:<br>6406 Ivy Lane, 8th Floor<br>Greenbelt, MD 20770-1249 | DIRECT: 301-344-0105<br>MAIN: 301-344-4433<br>FAX: 301-344-4516 |

December 6, 2022

Charles Burnham, Esq.
Burnham & Gorokov, PLLC
1424 K. Street NW
Washington, DC 20005

Paul Hazlehurst, Esq.
11350 McCormick Road
Executive Plaza II, Suite 750
Hunt Valley, MD 21031

FILED ___ ENTERED
___ LOGGED ___ RECEIVED
FEB 02 2023
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Re:   United States v. Quasean Markual Reeves,
      Crim. No. TDC 22-48

Dear Counsel:

      This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Quasean Markual Reeves (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **December 14, 2022**, it will be deemed withdrawn. The terms of the Agreement are as follows:

<u>Offenses of Conviction</u>

    1.    The Defendant agrees to waive indictment and plead guilty to Counts One, Two, Three, Four and Five of a Superseding Information ("the Information") charging him with Carjacking, in violation of 18 U.S.C. § 2119 (Count One); Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Count Two); Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three); Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Count Four); and, Murder Resulting from the Use, Carrying, Brandishing, and Discharging of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(j) (Count Five). The Defendant admits that the Defendant is, in fact, guilty of these offenses and will so advise the Court.

Rev. August 2018

Elements of the Offenses

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Information, in the District of Maryland or Virginia:

Count One (Carjacking): (1) The Defendant intentionally took a vehicle from another person; (2) the Defendant took the vehicle by means of force, violence, or intimidation; (3) the vehicle had been transported, shipped, or received in interstate or foreign commerce; and (4) the Defendant intended to cause death or serious bodily harm.

Counts Two and Four (Interference with Interstate Commerce by Robbery): (1) The Defendant knowingly obtained or took the property of another from the person or in the presence of another; (2) the Defendant took this property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediately or in the future; (3) and, as a result of the Defendant's actions, interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected, in any way or degree.

Count Three (Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence): (1) The Defendant committed a crime of violence for which he may be prosecuted in a court of the United States, that is, Interference with Interstate Commerce by Robbery in violation of 18 U.S.C. § 1951(a); and (2) the Defendant knowingly used, carried, and brandished a firearm during and in relation to the commission of that crime.

Count Five (Murder Resulting from the Use, Carrying, Brandishing, and Discharging of a Firearm During and in Relation to a Crime of Violence): (1) The Defendant committed a crime of violence for which he may be prosecuted in a court of the United States, that is, Interference with Interstate Commerce by Robbery in violation of 18 U.S.C. § 1951(a); (2) the Defendant knowingly used, carried, brandished and discharged a firearm during and in relation to the commission of that crime; (3) the Defendant killed Victim-2 through the use of a firearm during the perpetration of that crime; (4) the Defendant acted unlawfully; and (5) the Defendant acted with malice aforethought.[1]

Penalties

3.      The maximum penalties provided by statute for the offenses to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 2119 | N/A | 15 years | 3 years | $250,000 | $100 |
| 2 | 18 U.S.C. § 1951(a) | N/A | 20 years | 3 years | $250,000 | $100 |

---

[1] The elements apply to the commission of this offense as a principal or aider and abettor.

2

| 3 | 18 U.S.C. § 924(c) | 7 years consecutive to any other term of imprisonment | Life Imprisonment | 5 years | $250,000 | $100 |
| 4 | 18 U.S.C. § 1951(a) | N/A | 20 years | 3 years | $250,000 | $100 |
| 5 | 18 U.S.C. § 924(j) | 10 years consecutive to any other term of imprisonment | Death or Life Imprisonment[2] | 5 years | $250,000 | $100 |

        a.     Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

        b.     Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

        c.     Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

        d.     Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

        e.     Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

        f.     Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant

---

[2] Although the maximum potential penalty by statute is death, this Office has been directed by the Attorney General not to seek the death penalty. In addition, in accordance with 18 U.S.C. § 924(c)(1)(D)(ii), no term of imprisonment for this offense shall run concurrent with any other term of imprisonment imposed on the Defendant.

authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

### Waiver of Rights

4.  The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.  The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an indictment against the Defendant. By agreeing to proceed by way of Information, the Defendant is giving up that right, and understands that the charges will be filed by the United States Attorney without the Grand Jury.

b.  If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

c.  If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

d.  If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

e.  The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

f.  If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

       g.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

       h.     If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

       i.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

Waiver of Venue

5.     The Defendant further understands that, pursuant to the Sixth Amendment to the United States Constitution, and Federal Rule of Criminal Procedure 18, the Defendant has the right to be prosecuted in a district where the offense was committed. Accordingly, the Defendant understands that venue for the offenses charged in Counts Two and Three of the Information may lie in the District of Virginia. Nonetheless, by entering into this Agreement, the Defendant agrees to waive any challenge to venue and consents to be prosecuted pursuant to the Information in the District of Maryland.

6.     In consideration of the Defendant's waiver of venue and plea of guilty to Counts Two and Three of the Information, the United States Attorney's Office for the Eastern District of Virginia and the Commonwealth's Attorney's Office for Prince William County, Virginia have represented to this Office that the Defendant will not be further prosecuted in those jurisdictions for the conduct described in the Statement of Facts set forth in Attachment A to this Agreement, and in Prince William County Police Department Case No. PD210000837-002.

### Advisory Sentencing Guidelines Apply

7.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551–3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

8.      This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

   a.      <u>Count One (Carjacking)</u>: This Office and the Defendant agree that the applicable base offense level is **20**, pursuant to § 2B3.1(a) of the United States Sentencing Guidelines ("U.S.S.G."). A **6-level** enhancement applies under U.S.S.G. § 2B3.1(b)(2)(B) because a firearm was otherwise used. A **2-level** enhancement applies under U.S.S.G. § 2B3.1(b)(3)(A) because the victim sustained bodily injury. An additional **2-level** increase applies under § 2B3.1(b)(5) because the offense involved carjacking. The adjusted offense level for Count Four is **30**.

   b.      <u>Count Two (Interference with Interstate Commerce by Robbery)</u>: This Office and the Defendant agree that the applicable base offense level for Count Two is **20**, pursuant to U.S.S.G. § 2B3.1(a). A **5-level** enhancement applies under U.S.S.G. § 2B3.1(b)(2)(C) because a firearm was brandished. The adjusted offense level for Count Two is **25**.

   c.      <u>Count Three (Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)</u>: Pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) and U.S.S.G. § 2K2.4, the mandatory minimum term of imprisonment is **seven years** because a firearm was brandished, which sentence shall be imposed consecutive to any other term of imprisonment imposed by the Court.

   d.      <u>Count Four (Interference with Interstate Commerce by Robbery)</u>: This Office and the Defendant agree that the applicable base offense level for Count Four is **43**, pursuant to U.S.S.G. §§ 2B3.1(c) and 2A1.1, because a victim was killed under circumstances that would constitute first degree murder under 18 U.S.C. § 1111, namely murder committed in the perpetration of or attempt to perpetrate a robbery.

   e.      <u>Count Five (Murder Resulting from the Use, Carrying, Brandishing, and Discharging of a Firearm During and in Relation to a Crime of Violence)</u>: This Office and the Defendant agree that the applicable base offense level is **43**, pursuant to U.S.S.G. §§ 2B3.1(c) and 2A1.1, because a victim was killed under circumstances that would constitute first degree murder under 18 U.S.C. § 1111, namely murder committed in the perpetration of or attempt to perpetrate a robbery. Pursuant to 18 U.S.S.G. § 924(c)(1)(D)(ii) and U.S.S.G. § 2K2.4, there is a mandatory minimum term of imprisonment of at least 10 years as to Count Five because a firearm was

discharged, and any sentence imposed as to Count Five must be imposed consecutive to any other term of imprisonment imposed by the Court.

        f.      <u>Combined Offense Level</u>: The offenses charged in the Information do not group pursuant to U.S.S.G. §3D1.2. In accordance with U.S.S.G. § 3D1.4, the combined offense level for all counts is **43** because the offense level for Counts Four and Five is nine or more levels more serious than the offense levels for the other counts. Notwithstanding the combined offense level, the Defendant understands that Counts Three and Five have mandatory minimum sentences and that any sentence imposed for these counts must be imposed consecutive to any other term of imprisonment imposed by the Court.

        g.      This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level, pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way. If the Defendant receives a 3-level reduction, the final offense level will be **40, followed by the mandatory minimum term of imprisonment of at least 7 years as to Count Three and 10 years as to Count Five, each consecutive to any other term of imprisonment imposed.**

9.      There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

10.     Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

### Obligations of the Parties

9.      At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the

7

conduct that is the subject of any counts of the Information. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Forfeiture

10. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offenses, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

11. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, used to facilitate the commission of, or involved in, the Defendant's illegal activities: a Taurus 6-shot revolver, caliber 38 special, Model 80, bearing serial number 800311.

12. The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. This Office agrees to seek the Attorney General's approval to apply forfeited assets to the Defendant's Restitution Order.

13. The Defendant agrees to assist fully in the forfeiture of the above-described property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

14. The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

## Restitution

15. The Defendant agrees to the entry of a restitution order for the full amount of the victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to

pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

### Waiver of Appeal

16. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

    b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

        i. The Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds any sentence within the advisory guidelines range resulting from a final offense level of **40 followed by a mandatory minimum term of imprisonment of 7 years as to Count Three and an additional mandatory minimum term of imprisonment of 10 years as to Count Five**; and

        ii. This Office reserves the right to appeal any term of imprisonment to the extent that it is below any sentence within the advisory guidelines range resulting from a final offense level of **40 followed by a mandatory minimum term of imprisonment of 7 years as to Count Three and an additional mandatory minimum term of imprisonment of 10 years as to Count Five**.

    c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

Defendant's Conduct Prior to Sentencing and Breach

17. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

18. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

Court Not a Party

19. The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Entire Agreement

20. This letter, together with the Sealed Supplement, constitutes the complete Plea Agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

_____
William D. Moomau
Assistant United States Attorneys

Patrick D. Kibbe
Special Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

12-14-22
Date

_____
Quasean Markual Reeves

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

12/14/22
Date

_____
Charles Burnham, Esq.
Paul D. Hazlehurst, Esq.